FILED ___     ___ RECEIVED
ENTERED ___   ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 3 0 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS BURDSAL, | 3:11-cv-00780-LRH-VPC |
| Plaintiff, | |
| vs. | **ORDER** |
| ALEXANDER SEVIER, et al., | |
| Defendants. | |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections, filed a complaint in state court which defendants have removed.  It appears from the documents and the removal statement that removal to federal court was proper. The court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1    In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation

2    Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of

3    poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may

4    be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.

5    § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is

6    provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under

7    § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses

8    a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions

9    as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could

10   not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

11   Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*

12   *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim

13   is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

14   would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making

15   this determination, the court takes as true all allegations of material fact stated in the complaint, and the

16   court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d

17   955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than

18   formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404

19   U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed

20   factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp.*

21   *v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is

22   insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

23   Additionally, a reviewing court should "begin by identifying pleadings [allegations] that,

24   because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft*

25   *v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a

26   complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual

27   allegations, a court should assume their veracity and then determine whether they plausibly give rise to

28

2

1   an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a

2   context-specific task that requires the reviewing court to draw on its judicial experience and common

3   sense." *Id.*

4           Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua*

5   *sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based

6   on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or

7   claims of infringement of a legal interest which clearly does not exist), as well as claims based on

8   fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S.

9   319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

10  **II.      Screening of the Complaint**

11          Plaintiff alleges that on October 1, 2010, he was falsely imprisoned and beaten and kicked

12  by defendant Sevier, a mentally ill inmate known to be belligerent, confrontational, and threatening,

13  while he was incarcerated at the Lovelock Correctional Center. He further alleges that the various other

14  defendants failed to perform their duties as correctional officers or supervisors, thereby permitting the

15  assault and battery on plaintiff. Plaintiff contends that the battery resulted in serious injuries including

16  a broken jaw and injuries to his shoulder. He claims violations of his constitutional and statutory rights

17  under federal and state law.

18          The facts, as alleged in the complaint properly state colorable claims for failure to protect

19  the plaintiff inmate from a known risk of harm. As alleged, defendant Cox failed to train his employees

20  to recognize and take proper action in the face of dangerous, belligerent, confrontational, psychotic

21  inmates who threaten harm to others. Additionally, defendants Harkreader and Bohan allegedly failed

22  to recognize and take action based on Sevier's irrational and threatening behavior. Defendant Mitchell,

23  due to a lack of proper training and supervision, allegedly failed to discharge his custodial duties to

24  follow orders and established safety and security procedures, including regular and frequent security

25  patrols to ensure compliance with rules and procedures by inmates within his assigned duty post. *See,*

26  *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Simmons v. Navajo County,* 609 F.3d 1011, 1017 (9th

27  Cir. 2010).

28                                          3

1    Plaintiff also names the State of Nevada *ex rel.* the Nevada Department of Corrections

2  (NDOC) as a defendant. While a governmental agency which is an arm of the State is not a person for

3  purposes of § 1983, *See Howlett v. Rose,* 496 U.S. 356, 365 (1990), plaintiff raises state law claims and

4  the complaint indicates that the State is named as a necessary party under Nevada law, NRS 41.031.

5  This statute waives the State's Eleventh Amendment immunity if certain conditions are accepted by the

6  plaintiff. It is noted that this action originated in state court, but was removed by the defendants. Thus,

7  considering these facts and  relief sought by the plaintiff, it appears that the naming of the State of

8  Nevada in its relation to the NDOC was proper.

9  **III.    Conclusion**

10    Plaintiff has stated sufficient facts to proceed on the claims presented against the

11  defendants as named.

12    **IT IS THEREFORE ORDERED** that the Clerk shall detach and file the Complaint

13  attached as Exhibit B to the Petition for Removal.

14    **IT IS FURTHER ORDERED** as follows:

15    1.    Given the nature of the claims that the court has permitted to proceed, this action is

16    **STAYED** for ninety (90) days to allow plaintiff and defendant(s) an opportunity to settle

17    their dispute before an answer is filed or the discovery process begins.  During this

18    ninety-day stay period, no other pleadings or papers shall be filed in this case, and the

19    parties shall not engage in any discovery.  The court will decide whether this case will

20    be referred to the court's Inmate Early Mediation Program, and the court will enter a

21    subsequent order.  Regardless, on or before ninety (90) days from the date this order is

22    entered, the Office of the Attorney General shall file the report form attached to this

23    order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered

24    prior the end of the 90-day stay.  If the parties  proceed with this action, the court will

25    then issue an order setting a date for the defendants to file an answer or other response.

26    Following the filing of an answer, the court will issue a scheduling order setting

27    discovery and dispositive motion deadlines.

28                                                    4

2.   "Settlement" may or may not include payment of money damages.  It also may or may not include an agreement to resolve plaintiff's issues differently.   A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

3.   The Clerk shall electronically **SERVE** a copy of this order and a copy of plaintiff's complaint on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp.

4.   The Attorney General's Office shall advise the Court within twenty-one (21) days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of the defendants for the purpose of settlement.  No defenses or objections, including lack of service, shall be waived as a result of the filing of the limited notice of appearance.

**IT IS SO ORDERED.**

DATED:  November 28, 2011.

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
9
10

                    ,       )    3:00-CV-0000-_____ (____)

          Plaintiffs,     )

11
     vs.                 )    **REPORT OF THE OFFICE OF THE**
**ATTORNEY GENERAL RE:**
12
                            )    **RESULTS OF THE 90-DAY STAY**

                     , et al., )
13
14
          Defendants.   )

15
**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM.**
16
**THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

17
     On _____ [*the date of the issuance of the screening order*], the Court issued its
18
screening order stating that it had conducted its screening pursuant to 28 U.S.C. § 1915A, and that
19
certain specified claims in this case would proceed.  The court ordered the Office of the Attorney
20
General of the State of Nevada to file a report ninety (90) days after the date of the entry of the court's
21
screening order to indicate the status of the case at the end of the 90-day stay.  By filing this form, the
22
Office of the Attorney General hereby complies.

23
24
                          REPORT FORM
25
[Identify which of the following two situations (identified in bold type) describes the case, and follow
the instructions corresponding to the proper statement.]
26
27
28

1   **Situation One: Mediated Case: The case was assigned to mediation by a court-appointed mediator
    during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill
2   in any additional information as required, then proceed to the signature bloc.]

3   _____   A mediation session with a court-appointed mediator was held on _____
            [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork
4           to memorialize the settlement remains to be completed*). (*If this box is checked, the
            parties are on notice that they must SEPARATELY file either a contemporaneous
5           stipulation of dismissal or a motion requesting that the court continue the stay in the
            case until a specified date upon which they will file a stipulation of dismissal.*)

6
    _____   A mediation session with a court-appointed mediator was held on _____
7           [*enter date*], and as of this date, the parties have not reached a settlement. The Office of
            the Attorney General therefore informs the court of its intent to proceed with this action.
8
    _____   No mediation session with a court-appointed mediator was held during the 90-day stay,
9           but the parties have nevertheless settled the case. (*If this box is checked, the parties are
            on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal
10          or a motion requesting that the court continue the stay in this case until a specified date
            upon which they will file a stipulation of dismissal.*)

11
    _____   No mediation session with a court-appointed mediator was held during the 90-day stay,
12          but one is currently scheduled for _____ [*enter date*].

13  _____   No mediation session with a court-appointed mediator was held during the 90-day stay,
            and as of this date, no date certain has been scheduled for such a session.
14
    _____   None of the above five statements describes the status of this case. Contemporaneously
15          with the filing of this report, the Office of the Attorney General of the State of Nevada
            is filing a separate document detailing the status of this case.
16

17                                      * * * * *

18  **Situation Two: Informal Settlement Discussions Case: The case was NOT assigned to mediation
    with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to
    engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four
19  statements below and fill in any additional information as required, then proceed to the signature bloc.]

20  _____   The parties engaged in settlement discussions and as of this date, the parties have reached
            a settlement (*even if the paperwork to memorialize the settlement remains to be
21          completed*). (*If this box is checked, the parties are on notice that they must
            SEPARATELY file either a contemporaneous stipulation of dismissal or a motion
22          requesting that the court continue the stay in this case until a specified date upon which
            they will file a stipulation of dismissal.*)

23
    _____   The parties engaged in settlement discussions and as of this date, the parties have not
24          reached a settlement. The Office of the Attorney General therefore informs the court of
            its intent to proceed with this action.
25
    _____   The parties have not engaged in settlement discussions and as of this date, the parties
26          have not reached a settlement. The Office of the Attorney General therefore informs the
            Court of its intent to proceed with this action.
27

28                                        7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

_____   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Attorney Name: _____          _____
                                  Print                                                                    Signature

Address:          _____          Phone: _____

                        _____          Email: _____

                        _____